

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,249-01

**EX PARTE SABRE KAY UNDERWOOD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W10386-1 IN THE 355TH DISTRICT COURT
## FROM HOOD COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to aggravated robbery and was sentenced to ten years' deferred adjudication. Applicant later pled true to the State's motion to adjudicate and was sentenced to ten years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her trial counsel was ineffective for advising her to plead true to the State's motion to adjudicate with only four months remaining on her ten-year deferred adjudication sentence and that counsel violated client confidentiality by revealing discussions with his client during plea proceedings and engaged the trial court in the plea negotiations. Applicant has alleged

facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 12, 2022
Do not publish